IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT G. SANNER, JR., et al., | ) | CASE NO. 1:10cv2931 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | STIPULATED COMPROMISED |
| UNITED STATES OF AMERICA, | ) | SETTLEMENT AGREEMENT |
| | ) | |
| Defendant. | ) | |

WHEREAS, there is an action currently pending before the United States District Court for the Northern District of Ohio, Eastern Division, captioned Robert G. Sanner, Jr., et al. v. United States of America, Case No. 1:10cv2931; and

WHEREAS, the Parties desire to fully and finally settle this action upon the terms and conditions contained herein;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Robert G. Sanner, Jr., Plaintiff Davian Sanner, and the United States of America that this action shall be settled, compromised, and dismissed in accordance with the following terms:

1. DEFINITIONS: For purposes of this Agreement, the following terms shall be defined as follows:

    a. <u>Agreement</u>: "Agreement" shall mean all of the promises, recitals, terms and conditions contained in this Stipulated Compromised Settlement Agreement.

    b. <u>Plaintiffs</u>: "Plaintiffs" shall mean, individually and collectively, Plaintiff Robert G. Sanner, Jr., Plaintiff Davian Sanner, and any and all representatives, guardians, heirs, executors, administrators, agents, servants, employees, adjusters, insurers, successors, and assigns of Robert G. Sanner, Jr. and/or Davian Sanner.

    c. <u>Defendant</u>: "Defendant" shall mean, individually and collectively, the United States of America, the United States Department of Veterans Affairs, and their departments, agencies, officials, officers, directors, agents, servants, successors, insurers, assigns, contractors, and current and former employees.

    d. <u>Parties</u>: The "Parties" shall mean, individually and collectively, Plaintiffs (as defined above) and Defendant (as defined above).

2. <u>AGREEMENT TO SETTLE</u>: The Parties do hereby agree to settle and compromise any and all claims, demands, rights, and causes of action of any kind and nature (including claims for wrongful death, personal injuries, bodily injuries, damages to property, and the consequences thereof), whether known or unknown, foreseen or unforeseen which they

may have or may hereafter acquire arising directly or indirectly from the acts or omissions that allegedly gave rise to the above captioned action under the terms and conditions set forth in this Agreement.

3. PAYMENTS: Defendant agrees to pay the total sum of two hundred and seventy-five thousand dollars ($275,000.00) jointly to Plaintiffs, which sum shall be in full accord and final settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, arising directly or indirectly from the acts or omissions that allegedly gave rise to the above captioned action, including any claims for wrongful death, for which Plaintiffs or their personal representatives, guardians, heirs, executors, administrators, agents, employees, successors, and assigns now have or may hereafter acquire against the United States of America, the United States Department of Veterans Affairs, and/or their departments, agencies, officials, officers, agents, servants, successors, assigns, and current and former employees. Payment will be made after adoption of this Agreement and after processing by the Judgment Fund. The payment of the Settlement Amount is subject to the availability of sufficient, appropriated funds. Payment will be made via government electronic funds wire transfer to the following:

    a.    Name of Bank: _____

    b.    Street Address of Bank: _____

    c.    City, State and Zip of Bank: _____

    d.    Bank Routing Number: _____

    e.    Name of Account: _____

    f.    Account Number: _____

4. DISTRIBUTION: Counsel for Plaintiffs agrees to distribute the settlement proceeds among the appropriate persons, and to obtain a dismissal of the above captioned action, with prejudice, with each party bearing its own fees, costs, and expenses.

5. TAXES: Payment will be made by Defendant without any deductions in the settlement of all claims. The Defendant will not withhold taxes of any kind and the determination of Plaintiffs' tax liabilities, if any, is solely between Plaintiffs and the Internal Revenue Service and/or state and local taxing authorities. Plaintiffs agree to indemnify and hold Defendant harmless from any liability for such taxes which may be owed on account of any of the payments required by this Agreement.

6. RELEASE: Plaintiffs, individually and on behalf of all heirs, executors, personal representatives, administrators, assigns, agents, representatives, servants, adjusters, insurers, successors, employees and former employees, fully and forever release, acquit, and discharge Defendant and any of its officials, departments, officers, directors, agents, agencies,

components, employees, and former employees, in both their official and individual capacities, from any and all claims, demands, and causes of action of every kind, nature, or description, whether known or unknown, which Plaintiffs may have had, may now have, or may hereafter discover arising out of or in connection with any event occurring prior to the date of this Agreement, including, but not limited to, matters related directly or indirectly from the acts or omissions that allegedly gave rise to the above captioned action. In connection with such waiver and relinquishment, Plaintiffs acknowledge that Plaintiffs are aware that Plaintiffs may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which Plaintiffs now know, with respect to the matters released herein. Nevertheless, it is the intention of Plaintiffs through this release, and with the advice of counsel, to settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between Plaintiffs and Defendant.

7. <u>DISMISSAL WITH PREJUDICE</u>: The Parties hereby agree that this Agreement shall operate as a dismissal with prejudice of the above captioned action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure upon execution by all parties and adoption by the Court. If requested by Defendant, Plaintiffs hereby agree to execute and sign a

notice of voluntary dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii) and/or (2) in a form approved by Defendant.

8. COVENANT NOT TO SUE: Plaintiffs agree not to institute any action or suit at law or in equity against Defendant and agree not to institute, prosecute, or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action for damages, costs, loss of services, expenses, or compensation for or on account of any damage, loss, or injury either to person or property, or both, whether developed or undeveloped, known or unknown, past, present, or future, arising directly or indirectly from the acts or omissions that allegedly gave rise to the above captioned action.

9. INDEMNIFICATION: Plaintiffs hereby agree to reimburse, indemnify, and hold harmless Defendant, the United States of America, the United States Department of Veterans Affairs, and their departments, agencies, officials, officers, agents, servants, successors, assigns, directors, shareholders, subsidiaries, insurers, contractors, and current and former employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiffs or their guardians, heirs, executors, administrators, and/or assigns against any third party or against the Defendant, including claims of wrongful death.

10. <u>PAYMENT OF LIENS AND CLAIMS</u>: Any and all liens that are asserted to remain due and owing are to be presented to, and paid, compromised or settled by, Plaintiffs, including all liens, claims, costs, expenses and bills, including, but not limited to, those asserted by any medical care providers, medical insurance providers, hospitals, doctors, other insurers, or any state or federal agency. Any other claims for benefits paid or services rendered to Plaintiffs or on their behalf as a result of the incidents that are the subject matter of this lawsuit, including, but not limited to, those for payment for property damage and/or those of any attorney or other person or entity not identified herein claiming an interest in the settlement proceeds or any of the above-mentioned claims or causes of action, or anyone claiming by or though them or Plaintiffs, have been, are, and/or will be satisfied, settled, resolved, and/or concluded by Plaintiffs.

11. <u>ASSIGNMENT</u>: Plaintiffs warrant and represent that Plaintiffs have not assigned or otherwise transferred to any third person any interest or partial interest in Plaintiffs' claims or any other potential claim against Defendant. Plaintiffs further warrant and represent that Plaintiffs are the rightful owners of all such claims or Plaintiffs and counsel have obtained a waiver and/or release of any interest in all such claims by any third persons.

12. <u>BANKRUPTCY</u>: Plaintiffs represent and warrant that Plaintiffs have not filed for bankruptcy protection and that no bankruptcy action is pending in which Plaintiffs are the persons or entities seeking relief under the bankruptcy laws of the United States of America, and Plaintiffs acknowledge that the United States of America will make payment based in reliance upon such warranty.

13. <u>EXPENSES</u>: The Parties shall each bear their own costs, fees, and expenses, including court costs, and that any attorney's fees owed by Plaintiffs will be paid out of the settlement amount and not in addition thereto.

14. <u>ATTORNEY FEES</u>: The Parties understand and acknowledge that, pursuant to 28 U.S.C. § 2678, attorney's fees for services rendered in connection with this action shall not exceed twenty-five percent (25%) of the amount of the compromise settlement.

15. <u>NO ADMISSION OF LIABILITY</u>: This Agreement is not, is in no way intended to be, and shall not be construed as an admission by any party of the truth of any allegation or the validity of any claim asserted in this lawsuit, or of any party's liability therein, and it is specifically denied that Defendant is liable to Plaintiffs. This Agreement is entered into by all parties solely for the purpose of comprising disputed claims and avoiding the expenses and risks of further litigation. Furthermore, none of the terms of the Agreement may be offered or received in evidence or in any

way referred to in any civil, criminal, or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Agreement.

16. BINDING ON SUCCESSORS: This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, successors, assigns, officers, directors, officials, agents, subsidiaries and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

17. CONFIDENTIALITY: The Parties agree that this Agreement, including all the terms and conditions of this Agreement and any additional agreements relating thereto, may be made public in their entirety, and the Parties expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

18. CHANGE IN FACTS: It is understood that the facts in respect of which this Agreement is made and releases are given may subsequently turn out to be other than, or different from, the facts now known by the Parties or believed by any of the Parties to be true. Each of the Parties accepts and assumes the risks of the facts turning out to be different. Each of the Parties agrees that the foregoing Agreement and releases shall be in all respects effective and not subject to termination or rescission by any such difference in facts.

19. <u>JURISDICTION</u>: This Agreement is governed by the laws of the United States of America. The Parties agree that the exclusive jurisdiction and venue for any action at law, suit in equity, or other judicial proceeding for any dispute arising between and among the Parties under this Agreement regarding the interpretation or enforcement of any term hereof will be in the United States District Court for the Northern District of Ohio.

20. <u>COUNTERPARTS</u>: This Agreement may be executed in counterparts, each of which constitutes an original, and all of which constitute one and the same Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

21. <u>CONSTRUCTION</u>: For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

22. <u>EFFECTIVE DATE</u>: This Agreement is effective on the date of signature of the last signatory to the Agreement.

23. <u>AMENDMENTS</u>: This Agreement shall not be modified in any manner, except by an instrument in writing of concurrent or subsequent date signed by a duly authorized signatory.

24. <u>AUTHORITY</u>: The persons signing this Agreement warrant and represent that they possess full authority to bind the persons and/or entities on whose behalf they are signing to the terms of this Agreement.

25. <u>SEVERABILITY</u>: The provisions of this Agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of any other provisions.

26. <u>NO WAIVER</u>: The failure of the Parties to insist on the performance of any of the terms or conditions of this Agreement, or the waiver of any breach of any of the terms and conditions of this Agreement, shall not be construed as subsequently waiving any such terms and conditions, but the same shall continue and remain in full force and effect as if no forbearance or waiver had occurred.

27. <u>EFFECT OF PARAGRAPH HEADINGS</u>: The paragraph numbering and headings inserted into this Agreement are inserted for the purpose of convenience only. They do not purport to define, limit, or extend the scope or intent of the language of this Agreement.

28. <u>ENTIRE AGREEMENT</u>: This Agreement contains all the agreements, conditions, promises and covenants among and between the Parties hereto and the terms of it are contractual and not mere recitals. This Agreement supersedes and cancels all prior or contemporaneous agreements, drafts, commitments, offers, representations, or understandings, either written or oral, in connection therewith.

**By signing this Agreement, the Parties acknowledge that they have carefully read the entire Agreement, that they understand the contents of the Agreement, and that they are signing the Agreement of their own free will, voluntarily and under no duress, and with the advice of counsel.**

_____
ROBERT G. SANNER, JR.
Plaintiff

_____
DAVIAN SANNER
Plaintiff

_____
R. CRAIG MCLAUGHLIN
Counsel for Plaintiffs

EVA K. BURROWAY
Notary Public, State of Ohio
My Commission Expires 4-9-12
_Eva K. Burroway_

_____
JAMES R. BENNETT II
Assistant U.S. Attorney

_____
DAVID A. RUIZ
Assistant U.S. Attorney

Upon review of the foregoing Stipulated Compromised Settlement Agreement, the Court hereby adopts and orders the same. This case is dismissed with prejudice and with each party bearing its own costs.

IT IS SO ORDERED.

Dated: November 2, 2011

s/  James S. Gwin
_____
JUDGE JAMES S. GWIN

12